UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE:<br><br>Wesley Jason Boles and<br>Cindy Smith Boles,<br><br>      Debtors. | )<br>)<br>)<br>)<br>)  Case No. 03-53196C-7W<br>)<br>)<br>)<br>) |
| Standard Professional<br>Services, L.L.C.,<br><br>      Plaintiff,<br><br>v.<br><br>Wesley Jason Boles,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Adversary No. 05-06048<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION

This adversary proceeding came before the court on December 7, 2006, for trial. Robert E. Price, Jr. appeared on behalf of the plaintiff and Edwin H. Ferguson, Jr. appeared on behalf of the defendant.

NATURE OF PROCEEDING

This is a dischargeability proceeding in which the plaintiff alleges that indebtedness of the defendant is nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code. This claim arises out of an equipment lease under which Big Creek Underground Utilities, Inc. ("Big Creek") leased certain construction equipment

from the plaintiff at a time when the defendant was an officer and shareholder of Big Creek. The plaintiff alleges that there was a willful and malicious injury to such equipment by the defendant and that the damages resulting from such injury are nondischargeable pursuant to section 523(a)(6).

## JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This matter is a core proceeding within the meaning of 28 U.S.C.§ 157(b)(I) which this court may hear and determine.

## FACTS

Big Creek, a North Carolina corporation, was engaged in the business of installing underground communications cable. The defendant was the president of Big Creek at all times relevant to this proceeding. In June of 2001, Big Creek entered into an equipment lease with the plaintiff pursuant to which Big Creek leased construction equipment from the plaintiff. The leased equipment consisted of six trenchers manufactured by Case Manufacturing Company. The term of the lease was five years and the rental for the equipment was $5,917.00 per month.

The six trenchers were purchased from Briggs Equipment Company in February of 2001 in a transaction in which Big Creek selected the equipment and the plaintiff financed the acquisition of the equipment

by purchasing the equipment and then leasing it to Big Creek pursuant to the equipment lease. The trenchers selected by Big Creek were four-wheeled, tractor-like equipment which were self-propelled and equipped to dig trenches and lay underground cable in such trenches. The purchase price of the trenchers and related equipment was $381,300.00. There was a trade-in allowance of $170,000.00 for Big Creek's existing equipment which was transferred to Briggs, leaving a net purchase price of $211,300.00 which was paid by the plaintiff. Big Creek's obligations under the equipment lease were personally guaranteed by the defendant and his spouse.

Big Creek took delivery of the trenchers on June 30, 2001, and thereafter utilized the trenchers at various job sites to install underground cable. On May 7, 2004, Big Creek filed for Chapter 11 bankruptcy relief. Big Creek continued to operate its business and utilize the trenchers during its Chapter 11 case. On December 7, 2004, Big Creek ceased operations when its Chapter 11 case was converted to a Chapter 7 case and a Chapter 7 trustee was appointed for Big Creek.

In late December of 2004 or January of 2005, the trenchers were hauled from Big Creek's premises in Pilot Mountain, North Carolina, by employees of Briggs Equipment Company to the Briggs premises in Greensboro, North Carolina, at the request of the plaintiff. After arriving at the Briggs premises, the trenchers were inspected by Briggs employees and detailed equipment evaluation reports were prepared reflecting the results of the inspections. Also,

photographs of some of the equipment were made. The inspection reports prepared by Briggs contained a summary evaluation regarding various components of the trenchers which could be rated on the reports as either excellent, good, average, fair or poor. Regarding the general appearance of the trenchers, two were rated average, three were rated fair and one was rated poor. Regarding the instruments/controls, four were rated average and two were rated fair. Regarding the cooling systems, five were rated average and one inspection report had no rating. Regarding the engines, six were rated average. Regarding the transmissions, five were rated average and one inspection report had no rating. Regarding the differentials, five were rated average and one inspection report had no rating. Regarding the hydraulics, six were rated average. Regarding the chassis and frames, one was rated good and five were rated average. Regarding the tires and undercarriages, three were rated average, one was rated fair and two were rated poor. Regarding the ground eng. tools/elevators, three were rated average, one was rated fair and two were rated poor. Regarding the overall machines, two were rated average, three were rated fair and one was rated poor.

The plaintiff contends that the trenchers were in such a worn and damaged condition that there was intentional and malicious damage to the trenchers as required under section 523(a)(6) and that the defendant can be held responsible for such damage as the president of Big Creek.

DISCUSSION

Section 523(a)(6) excepts from discharge any debt for willful and malicious injury by the debtor to another entity or to the property of another entity. "Willful and malicious are two distinct requirements that [the plaintiff] must prove by the preponderance of the evidence before the § 523(a)(6) exception to the discharge applies." In re Scarborough, 171 F.3d 638, 641 (8th Cir. 1999). The absence of either of these elements means that the debt is dischargeable. In re Markowitz, 190 F.3d 455, 463 (6th Cir. 1999).

The plaintiff produced no direct evidence of willful and malicious injury to the equipment. Instead, the plaintiff relied upon the condition of the equipment when it was returned as circumstantial evidence that there was willful and malicious injury to the equipment. The condition of the trenchers when returned to Briggs was sufficient to support a finding that there had been a breach of the equipment lease but not a finding of willful and malicious injury to the trenchers.

The equipment lease obligated Big Creek to "maintain the Equipment in good operating condition, repair, and appearance, and protect the same from deterioration, other than normal wear and tear" and to "use the Equipment . . . without abuse and in a manner contemplated by the manufacturer and seller thereof." It was clear from the evidence regarding the condition of the trenchers that this provision was breached. The poor condition of the trenchers and the testimony of plaintiff's witnesses established quite clearly that the

- 5 -

trenchers had not been maintained in good operating condition and appearance and had not been protected from deterioration other than normal wear and tear. However, debts for breach of contract generally are not excepted from discharge under section 523(a)(6). Tari v. Huggins (In re Huggins), 252 B.R. 567, 569 (Bankr. M.D. Fla. 2000). This is true even in cases in which the breach of contract is intentional. In re Jercich, 238 F.3d 1202, 1205 (9th Cir. 2001); Cutler v. Lazzara (In re Lazzara), 287 B.R. 714, 722 (Bankr. N.D. Ill. 2002). In order for such a debt to be nondischargeable under section 523(a)(6), the breach of contract must be accompanied by some form of wrongful or tortious conduct that gives rise to willful and malicious injury within the meaning of section 523(a)(6). Jercich, 238 F.3d at 1206.

In Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court dealt with the scope of "willful" injury as used in section 523(a)(6). The Court held that reckless or negligent conduct does not give rise to a "willful injury" and is not sufficient to render indebtedness nondischargeable under § 523(a)(6). The Court observed that the word "willful" in section 523(a)(6) modifies the word "injury," indicating that a deliberate or intentional injury is required and not merely a deliberate or intentional act that leads to injury. While making it clear that a debtor must intend the injury, the Court in Kawaauhau did not specify the exact mental state necessary to rise to the level of "willful" that is required under section 523(a)(6). Wrobel v. Conner (In re

Connor), 302 B.R. 509, 514 (Bankr. W.D. Pa. 2003). As a result, courts have taken both an objective and subjective approach to the inquiry. Gershman v. Peterson (In re Peterson), 332 B.R. 678, 682 (Bankr. D. Del. 2005). Under the subjective approach, an injury is willful if the debtor caused harm through a deliberate act with the belief that there was a substantial certainty of injury. Id. On the other hand, under the objective approach, an injury is willful if the debtor caused harm through a deliberate action with an objective substantial certainty of injury. Id. at 683. The evidence in the present case was insufficient to establish willful injury under either approach.

While plaintiff produced substantial evidence regarding the condition of the equipment in January of 2005, there was no evidence concerning when or how the equipment came to be in the poor condition that existed in January of 2005. Based upon the contractual relationship between Big Creek and the plaintiff, Big Creek was in lawful possession of the equipment and was entitled to retain and utilize the equipment. While one could reasonably infer from plaintiff's evidence that Big Creek's use of the equipment did not comply with the lease, there was no showing that Big Creek or the defendant knowingly and deliberately caused breakage or other damage to the equipment as opposed to gradual wear and tear occurring incrementally over the three and one half years that Big Creek had possession of the equipment. To the extent that Big Creek or the defendant may have been negligent, grossly negligent or even

recklessly indifferent in failing to properly maintain the equipment, such conduct does not satisfy the requirement under section 523(a)(6) that the injury or damage be "willful" in order to be nondischargeable. "Section 523(a)(6) is not satisfied by negligent, grossly negligent or reckless conduct." In re Duncan, 448 F.3d 725, 729 (4th Cir. 2006)(neither conduct that was in conscious disregard of the decedent nor conduct that exhibited reckless indifference to consequences to the decedent would satisfy the section 523(a)(6) requirement that the injury be willful and malicious[1]).

Plaintiff's evidence also failed to establish personal responsibility on the part of the defendant for the condition of the equipment. Although the officers and directors of a corporation generally are not liable for the debts of the corporation, they are personally liable to the extent that their participation in the commission of a tortious act results in harm to a third party. This principle is applicable in the bankruptcy context where an individual

---

[1] The court analyzed the jury instructions given in the state court trial and concluded that such instructions did not satisfy the requirements of section 523(a)(6) for purposes of collateral estoppel, stating:

> "This definition [in the jury instructions] created two distinct categories of 'willful and wanton conduct': (1) conduct that was in conscious disregard of Meigan, and (2) conduct that exhibited reckless indifference to the consequences to Meigan. Both of these categories set a lower bar for a finding of 'willful and wanton conduct' than § 523(a)(6) sets for a finding of a 'willful and malicious injury' because neither required the Estate to prove that [debtor] intended to injure Meigan."

debtor, as an officer of a corporation, actively participates in acts that give rise to nondischargeability under section 523(a)(6).  See Ford Motor Credit Co. v. Owens, 807 F.2d 1556, 1559 (11th Cir. 1987).  The critical factor in determining the corporate officer's personal liability and the dischargeability of the officer's obligation is whether there was personal involvement by the officer in the improper acts giving rise to the debt.  If personal involvement on the part of an officer is shown, and the officer's conduct is shown to involve a willful and malicious injury, then the resulting personal debt of the officer is nondischargeable under § 523(a)(6).  See Transamerica Commercial Finance Corp. v. James, 152 B.R. 994, 995 (M.D. Fla. 1992); In re Collins, 151 B.R. 967, 970 (Bankr. M.D. Fla. 1993); In re Higginbotham, 117 B.R. 211, 216 (Bankr. E.D. Va. 1990).

While the evidence in the present case showed that the defendant was an officer and director of Big Creek and that the Defendant was personally involved in the selection of the equipment in June of 2001, little else was shown regarding the defendant's involvement or knowledge regarding the use or condition of the particular equipment leased from the plaintiff.  There was no evidence regarding the extent of the defendant's presence at the locations at which the plaintiff's trenchers were used or other evidence regarding the extent of the defendant's personal involvement with the trenchers after they were leased in June of 2001.

## CONCLUSION

Based upon the foregoing findings and conclusions, the court has

concluded that plaintiff's evidence was insufficient to prove by a preponderance of the evidence that the defendant willfully damaged the plaintiff's equipment within the meaning of section 523(a)(6) of the Bankruptcy Code and that this adversary proceeding therefore should be dismissed with prejudice.[2] A judgment so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 19th day of January, 2007.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

---

[2] Because there has been no showing of a willful injury or damage, the court need not reach the question of whether there was malicious injury or damage.

PARTIES IN INTEREST

Robert E. Price, Jr., Esq.
1144 W. Fourth Street
Winston-Salem, NC 27101

Edwin H. Ferguson, Jr., Esq.
P.O. Box 444
Concord, NC 28025-0444

Bruce Magers, Trustee

Michael D. West, Bankruptcy Administrator